UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN A.,[1] | ) |
| | ) |
|           *Plaintiff*, | ) |
| | ) |
|           *v.* | )   No. 1:21-cv-03076-MG-SEB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| | ) |
|           *Defendant.* | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

In July 2019, Plaintiff Karen A. applied for Disability Insurance Benefits ("DBI") under Title II from the Social Security Administration ("SSA"), alleging a disability onset date of June 1, 2009. [Filing No. 7-6 at 2-5.] His application was initially denied on December 5, 2019, [Filing No. 7-4 at 16-19], and upon reconsideration on May 8, 2020, [Filing No. 7-4 at 23-29]. Administrative Law Judge Teresa Kroenecke (the "ALJ") conducted a telephonic hearing on February 25, 2021. [Filing No. 7-2 at 34-56.] The ALJ issued a decision on April 28, 2021, concluding that Karen A. was not entitled to receive benefits. [Filing No. 7-2 at 15-25.] The Appeals Council denied review on October 26, 2021. [Filing No. 7-2 at 1-5.] On December 21, 2021, Karen A. filed this civil action asking the Court to review the denial of benefits according to 42 U.S.C. § 405(g). [Filing No. 1.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. [Filing No. 11.] For the following reasons, the Court **REVERSES** the decision of the ALJ denying Karen A. benefits.

## I.
### STANDARD OF REVIEW[2]

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Id.* For purposes of judicial review, "substantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built

---

[2] The regulations governing disability determinations for benefits under Title II and Title XVI are identical in virtually all relevant respects unless otherwise noted.

an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform His past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, he will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then he must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at step four to determine whether the claimant can perform His own past relevant work and if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v). The burden of proof is on the claimant for steps one through four; only at step five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's

decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## II.
### BACKGROUND

Karen A. was 54 years old on June 1, 2009—the date of her alleged onset of disability. [Filing No. 7-6 at 2.] Karen A. has limited education through ninth grade and has relevant past work experience as retail manager and custodian. [Filing No. 7-7 at 6.] Karen A.'s application alleges that she can no longer work because of arthritis, restless leg syndrome, and sciatica. [Filing No. 7-7 at 5.] Following the February 2021 hearing, the ALJ followed the five-step sequential evaluation set forth in 20 C.F.R. § 416.920(a)(4) and concluded that Karen A. was not disabled. [Filing No. 7-2 at 18-26.] Specifically, the ALJ found as follows:

- Karen A. meets the insured status requirements of the SSA through December 31, 2023. [Filing No. 7-2 at 18.]

- At Step One, Karen A. had not engaged in substantial gainful activity[3] since June 1, 2009, (the alleged onset date). [Filing No. 7-2 at 18.]

- At Step Two, Karen A. "had the following severe impairment: degenerative disc disease of the lumbar spine and emphysema/chronic obstructive pulmonary disease (COPD)." [Filing No. 7-2 at 19.]

- At Step Three, Karen A. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

- No. 7-2 at 20.] The ALJ specifically considered Listings 1.15, 1.16, and 3.02. [Filing No. 7-2 at 20-21.]

- After Step Three but before Step Four, Karen A. had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stair; no climbing of ladders, ropers, or scaffolds; she can have occasional exposure to extreme heat or extreme cold and pulmonary irritants, such as dusts, fumes, odors, and gases." [Filing No. 7-2 at 21.]

- At Step Four, the ALJ found Karen A. "is capable of performing past relevant work as a Manager, Retail Store, (*Dictionary of Occupational titles* (DOT)), #185.167-046), skilled, SVP 7, and light as generally performed per the DOT." [Filing No. 7-2 at 25.]

- At Step Five, the ALJ found that Karen A. has not been under a disability, as defined in the SSA, from June 1, 2009, through the date of the decision. [Filing No. 7-2 at 26.]

## III.
### DISCUSSION

Karen A. contends that the ALJ erred by: (1) not including additional limitations in the RFC to account for her mild mental limitations; (2) failing to adequately consider the opinions of the consultative examiners; and (3) failing to properly assess her subjective complaints. [Filing No. 16 at 6-17.] The Court will address each argument in turn.

1. **The ALJ"s Mental RFC Analysis**

Karen A. contends that the ALJ failed to properly accommodate her mild mental limitations in the RFC finding. [Filing No. 16 at 8.] She argues that the ALJ did not offer any evaluation of these mental limitation when assessing her RFC and the failure to assess any combined impact of her impairments requires remand. [Filing No. 16 at 8.] She further argues that error is heightened when the ALJ relies on a VE's answers to a hypothetical, but the hypothetical does not include any mental limitations. [Filing No. 16 at 10.] Karen A. contends that this error is crucial in this case because the ALJ found she could return to her past work, which was skilled work, and required

greater mental demands without considering whether her mental impairments affected her ability to perform her past relevant work. [Filing No. 16 at 12.]

In response, the Commissioner contends the ALJ's RFC assessment was supported by objective evidence. [Filing No. 19 at 12.] The Commissioner says that, here, the RFC adopted by the ALJ tracks the opinions of the state agency psychiatric consultants as well as the consultative examiner, Dr. Michael Pisano, Ph.D., and therefore the RFC was supported by the evidence. [Filing No. 19 at 12-13.] The Commissioner argues that the ALJ more than minimally articulated her consideration of the reviewing psychologists' findings as well as reasonably evaluated the opinion of the consultative psychological examiner. [Filing No. 19 at 12-13.] The Commissioner contends that the ALJ did not err by failing to include RFC limitations for such non-severe impairments, when the limitations were not warranted by the evidence reviewed by the ALJ. [Filing No. 19 at 13.] Further, the Commissioner contends that the ALJ directly discussed the effects of Karen A.'s anxiety and PTSD in the RFC findings, first summarizing her description of the symptoms to Dr. Pisano, and then summarized Dr. Pisano's mental status examination findings. [Filing No. 19 at 13-14.] However, the Commissioner notes the ALJ found this opinion unpersuasive based on other record evidence, noting conservative treatment for mental impairments and interactions with family and others when out of the home, as well as the state agency psychiatric consultants' assessments that her mental impairments were non-severe, finding these assessments persuasive. [Filing No. 19 at 14.]

In reply, Karen A. continues to argue that the ALJ did not accommodate her own findings of mild limitations or offer any evaluation of these findings when constructing the RFC. [Filing No. 20 at 2.] She argues that the ALJ found mild limitations, but completely omitted them from the RFC and hypotheticals posed to the VE. [Filing No. 20 at 2-3.]

The ALJ must always take care to ensure that the RFC "include[s] all of a claimant's limitations supported by the medical record." *Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021). "Crucially, however, an ALJ need only include limitations that are supported by the medical record." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). In making a proper RFC determination, the ALJ must consider all relevant evidence in the record, even as to limitations that are not severe. *Murphy v. Colvin,* 759 F.3d 811, 817 (7th Cir. 2014). From the evidence in the record, the ALJ must build "an accurate and logical bridge from the evidence to the conclusion" so that a court can assess the validity of the agency's decision. *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007). The Seventh Circuit has explained that when posing hypotheticals to a VE, an ALJ must explicitly account for all limitations supported by the medical evidence, unless the VE has independently reviewed the medical record. *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018).

The ALJ found that Ms. Allison's PTSD and anxiety/panic disorder caused a mild limitation in three of four broad areas of mental functioning; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. [Filing No. 7-2 at 19-20.]

The two state-agency psychological consultants, Drs. Ken Lovko and Dr. Cal Vanderplate, relied upon by the ALJ, opined that Karen A.'s mental impairments were non-severe. [Filing No. 7-3 at 18; Filing No. 16 at 1.] Dr. Lovko found that Karen A. has some mental limitations; namely that she was mildly limited in her abilities to interact with others, concentrate, persist or maintain pace, and adapt or manage herself. [Filing No. 7-3 at 18.] Dr. Lovko opined that Karen A.'s condition is not severely limiting. Dr. Vanderplate confirmed his agreement with this assessment. [Filing No. 7-16 at 1.]

The psychological consultative examiner, Dr. Pisano, first diagnosed Karen A. with panic disorder and PTSD. [Filing No. 7-7 at 7.] He further provided a medical source statement where he opined that he "would be concerned placing [Karen A.] in future jobs which involve regular contact with the public, because of her experiences with multiple robberies." [Filing No. 7-16 at 31-32.] Dr. Pisano noted that Karen A.'s "memory is globally intact", she "had some problems with sustained concentration on working memory tasks", and "she was persistent on all tasks presented". [Filing No. 7-16 at 31.]

The ALJ found the psychological consultative examiner's opinion "unpersuasive" and the state-agency psychological consultants' opinions "persuasive" for the same reasons—due to Karen A. receiving conservative treatment from her primary care physician for her mental impairments, her ability to interact with family and others outside of the home without incident, and presenting as pleasant and cooperative. [Filing No. 7-2 at 25.] The ALJ did not err by relying on these opinions to craft Karen A.'s RFC.

Here, the ALJ concluded that Karen A. had mild limitations in three "paragraph B" criteria areas of mental functioning—interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself—included no non-exertional limitations in the RFC that would address these limitations, and provided no explanation as to why no limitations were included in the RFC. [Filing No. 7-2 at 19-20.] "While a mild ... limitation in an area of mental functioning does not necessarily prevent an individual from securing gainful employment, the ALJ must still affirmatively evaluate the effect such mild limitations have on the claimant's RFC." Simon-Leveque v. Colvin, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (remanding when ALJ failed to explain why mild limitations in mental functioning did not require RFC limitations). Courts have consistently found that an ALJ errs by failing to account for mild mental limitations

resulting from a claimant's mental impairment when assessing the individual's mental RFC. *See* Kelli M. v. Saul, No. 1:20-cv-1731-DLP-JRS, 2021 WL 4236802, at *5-6 (S.D. Ind. Sept. 17, 2021) (remanding where ALJ failed to explain why mild limitations in mental functioning did not require RFC limitations); Julie J. v. Kijakazi, No. 1:20-cv-1597-SEB-DLP, 2021 WL 4437587, at *2 (S.D. Ind. Sept. 28, 2021) (If, after consideration, the ALJ determines that a non-severe mental impairment "[does] not merit a non-exertional limitation in the RFC, he [is] obligated to explain that conclusion so that [the Court] can follow the basis of his reasoning."); Anthony W. v. Kijakazi, No. 20 C 6209, 2022 WL 1062334, at *4 (N.D. Ill. Apr. 8, 2022) ("[E]ven if the ALJ's RFC determinations were to remain unchanged after an evaluation of the functional limitations, an ALJ is still required to articulate whether her mild functional limitations findings in the B criteria categories are consistent with her RFC analysis.").

In this case, the ALJ concluded that Karen A. has mild mental functional limitations in three "paragraph B" criteria areas but failed to consider how these limitations would affect her ability to sustain full-time work. This was error. *Barbara S. v. Kijakazi*, No. 2022 WL 4244306, at *10 (S.D. Ind. Sept. 15, 2022).

Recognizing the ALJ was only required to consider Karen A.'s mild mental limitations, and not necessarily include them in the RFC, the Court is unable to reach this determination because the ALJ failed to offer any explanation for how she arrived at the conclusion that no mental limitations in the RFC were warranted. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)) (ALJ is not required to mention every piece of evidence but must provide an "accurate and logical bridge" between the evidence and the conclusion that the claimant is not disabled, in order to promote meaningful judicial review).

Because the Court is unable to trace the ALJ's reasoning to determine whether the ALJ provided a logical bridge from the evidence to her conclusion, remand is required. On remand, the ALJ must either incorporate into the RFC non-exertional limitations that account for Barbara's mild mental limitations in the "paragraph B" criteria or explain why such limitations are unnecessary.

### 2. Other Arguments

Karen A further argues that the ALJ failed to adequately consider the opinions of the consultative examiner and failed to properly consider her subjective complaints. [Filing No. 16 at 2.] Because the Court has already concluded the ALJ's RFC analysis is lacking on other grounds, the Court need not resolve other issues raised regarding the RFC. The ALJ should take the opportunity, however, on remand to reconsider the consultative examiner's report and Karen A.'s subjective symptom complaints included in the RFC determination.

## IV.
### CONCLUSION

For the reasons detailed above, the Court **REVERSES** the ALJ's decision denying Karen A. benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence 4) as detailed above. Final judgment will issue by separate entry.

Date: 3/27/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**